1  Charles Gerstein
   (*pro hac vice* application forthcoming)
2  Civil Rights Corps
   910 17th Street NW, Suite 200
3  Washington, DC 20006
   charlie@civilrightscorps.org
4  (202) 670-4809

5  Nancy M. Lemcke, Deputy Public Defender
   Christy L. Craig, Deputy Public Defender
6  Clark County Public Defender
   309 S. Third Street, Second Floor
7  Las Vegas, Nevada 89144
   lemckenl@clarkcountynv.gov
8  craigcl@clarkcountynv.gov
   (702) 455-5039
9  (702) 455-2728

10

11                    **UNITED STATES DISTRICT COURT**
                      **FOR THE DISTRICT OF NEVADA**
12

13  JOSE VALDEZ-JIMENEZ,            )      CASE NO. _____
                                    )
14              Petitioner,         )
                                    )
15                                  )      **PETITION FOR A WRIT OF**
                                    )      **HABEAS CORPUS PURSUANT**
16      v.                          )      **TO 28 U.S.C. § 2241**
                                    )
17  Sheriff JOSEPH LOMBARDO,        )
    Clark County Sheriff,           )
18                                  )
                                    )
19              Respondent.         )
    _____)
20

21

22

23

24

25

26

**Introduction**

1.     Petitioner Jose Valdez-Jimenez has not been convicted of a crime. He is presumed innocent, and Constitution permits the State to detain him only to reasonably assure his presence at trial and to protect the public from an immitigable and serious risk of harm, and only upon procedurally rigorous findings that his release poses one of those risks.

2.     No court has made such a finding.

3.     The Eighth Judicial District Court for the State of Nevada nonetheless ordered Petitioner detained by setting a secured money-bail amount of $40,000 knowing he cannot pay that amount to secure his release.

4.     Petitioner respectfully requests that this Court enter a conditional writ of habeas corpus ordering his release unless the State seeks a thorough adversarial hearing that complies with the requirements for preventative detention described by the United States Supreme Court, which include making findings by clear and convincing evidence about whether he poses a flight risk or a danger to the community and, if so, whether conditions of release exist that could reasonably assure Mr. Valdez-Jimenez's presence at trial and the safety of the community.

**Custody**

5.     Mr. Valdez-Jimenez is currently confined in the Clark County Detention Center ("CCDC").

6.     Mr. Valdez-Jimenez is in the physical custody of Respondent Sheriff Joseph Lombardo, who administers the Clark County Detention Center and is the legal custodian of all CCDC inmates. *See Harrison v. Gillespie*, 596 F.3d 551, 554 n.1 (9th Cir. 2010) (noting, based on state's concession, that Sheriff of Clark County is proper respondent in habeas petition by detainee pending trial), *on reh'g en banc*, 636 F.3d 472 (9th Cir. 2011), *and on reh'g en banc*, 640 F.3d 888 (9th Cir. 2011).

7.     Mr. Valdez-Jimenez is under Respondent's direct physical control.

**Jurisdiction**

8.      The Court has jurisdiction under 28 U.S.C. § 2241 and Article I, Section Nine, Clause Two of the United States Constitution, which provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." Mr. Valdez-Jimenez is in custody, without a criminal judgment, "in violation of the Constitution . . . of the United States." 28 U.S.C. § 2241(c)(3).

**Venue**

9.      Venue is proper in this district and division because Mr. Valdez-Jimenez is currently in custody in this district and division. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493–500 (1973).

**Parties**

10.     Petitioner Valdez-Jimenez is a resident of Las Vegas, Nevada. He is 57 years old.

11.     Respondent Sheriff Joseph Lombardo is the Sheriff of Clark County, Nevada. He has custody over Mr. Valdez-Jimenez.

**Factual Allegations**

12.     On May 12, 2018, Las Vegas police officers arrested Mr. Valdez-Jimenez on retail-theft charges. (*See* Exhibit A, Temporary Custody Record). Authorities allege that Mr. Valdez-Jimenez stole leggings from Las Vegas–area Victoria's Secret stores on four occasions, and that he attempted to steal a juicer from a Las Vegas Macy's store on another occasion. (*See* Exhibit E, Criminal Complaint; Exhibit G, Indictment.)

13.     Mr. Valdez-Jimenez was ultimately charged with dual counts of Burglary and Grand Larceny for each legging theft, one count of Burglary for the attempted juicer theft, and a count of Participation in Organized Retail Theft for all of the alleged incidents. (*See* Exhibits E, G.)

3

14.     When he was booked into the jail, officers (apparently using a standardized money bail schedule) set a money-bail amount of $85,000. (*See* Exhibit A.) Because he could not pay that amount, Mr. Valdez-Jimenez remained jailed following his booking. (*See* Exhibit B, Probable Cause Review Form; Exhibit D, Transcript of May 14, 2018 Proceedings, at 1.)

15.     On May 13, 2018, a Las Vegas justice of the peace found probable cause for Mr. Valdez-Jimenez's arrest and, in his absence, reset the money bail required for release to $40,000.   (*See* Exhibit B.) Still unable to pay that amount, Mr. Valdez-Jimenez remained jailed as he made his first court appearance. (*See* Exhibit D.)

16.     At that initial appearance, the prosecutor requested 72 hours within which to file a criminal complaint. (*See* Exhibit D, at 1.) Over Mr. Valdez-Jimenez's objection, the court granted the request and continued the matter for two days. (*See* Exhibit D, at 1–2.)

17.     On May 16, 2018, prosecutors filed a criminal complaint. (*See* Exhibit E). The court determined Mr. Valdez-Jimenez to be indigent and appointed the Clark County Public Defender to represent him. (*See* Exhibit F, Transcript of May 16, 2018 Proceedings, at 1.)

18.     Defense counsel moved the court to reduce the $40,000 secured money-bail amount set in Mr. Valdez-Jimenez's absence at the probable cause review. (*See* Exhibit F, at 1–2.) The court denied the motion and set a preliminary hearing date of May 30, 2018. (*See* Exhibit F, at 1–2.)

19.     On May 24, 2018, the Clark County Grand Jury indicted Mr. Valdez-Jimenez on the leggings thefts and attempted juicer theft. (*See* Exhibit G.) In Mr. Valdez-Jimenez's absence at the grand jury return, prosecutors obtained an indictment warrant fixing the money bail required for release at $40,000. (*See* Exhibit H, Transcript of Grand Jury Return, at 2–3; Exhibit I, Indictment Warrant.)

20.     On June 5, 2018, Mr. Valdez-Jimenez filed a Motion to Vacate Detention Order and Release Defendant from Custody challenging the constitutionality of the unattainable money bail set in his absence at the indictment return. (*See* Exhibit L, Motion to

4

1   Vacate Detention Order and Release Defendant from Custody.) Among other things, Mr.

2   Valdez-Jimenez argued that such an unattainable setting operates as a de facto detention

3   order, which must be preceded by an adversarial hearing at which a judge concludes that

4   pretrial detention is the least restrictive means of ensuring an accused's return to court and the

5   safety of the community. (*See* Exhibit L.)

6          21.     At argument, the prosecutor denied the need for a constitutionally required

7   detention hearing, claiming that such hearings are "federal beasts, not state beasts." (*See*

8   Exhibit N, Transcript of Hearing on Defendant's Motion to Vacate Detention Order and

9   Release Defendant from Custody, at 5.)

10         22.     The prosecutor to refused make the required showing necessary for a pretrial

11  detention order to issue, instead saying "you're not going to hear me ask for preventative

12  detention." (*See* Exhibit N, at 5.)

13         23.     The prosecutor then insisted that Mr. Valdez-Jimenez's money bail remain at

14  $40,000. (*See* Exhibit N, at 5.)

15         24.     The State did not contest Mr. Valdez-Jimenez's representation that he could

16  not afford to secure $40,000. (*See* Exhibit M, State's Opposition to Defendant's Motion to

17  Vacate Detention Order; and Exhibit N.)

18         25.     The Eighth Judicial District Court denied Mr. Valdez-Jimenez's Motion and

19  refused to vacate the unattainable $40,000 money-bail order, concluding, *ipse dixit*, that "[Mr.

20  Valdez-Jimenez] is being provided both substantive and procedural due process. I am

21  considering the factors as set forth in [Nevada's] statutory scheme and I'm going to deny your

22  motions." (*See* Exhibit N, at 10.)

23         26.     The Court did not dispute that Mr. Valdez-Jimenez could not pay the $40,000

24  required to secure his release and that, as such, the money-bail requirement operated as a *de*

25  *facto* detention order. (*See* Exhibit N.)

26

5

1       27.    The Court made no findings of fact by clear and convincing evidence

2   regarding Petitioner's dangerousness or risk of flight. (*See* Exhibit N.)

3       28.    On July 18, 2018, Mr. Valdez-Jimenez appealed the Eighth Judicial District

4   Court's ruling to the Nevada Supreme Court via a Petition for a Writ of Mandamus. (*See*

5   Exhibit O, Petition for a Writ of Mandamus.)

6       29.    On September 13, 2018, the Nevada Supreme Court directed the Clark County

7   District Attorney's Office to file an Answer to Mr. Valdez-Jimenez's Mandamus Petition.

8   (*See* Exhibit P, Order Directing Answer.) On October 3, 2018, prosecutors submitted their

9   Answering Brief.[1] (*See* Exhibit Q, Answer to Petition for Writ of Mandamus.)

10      30.    Five months later, Mr. Valdez-Jimenez filed a Motion to Expedite

11   Adjudication of his Mandamus Petition, reminding the Nevada Supreme Court of the time-

12   sensitive nature of his Petition. (*See* Exhibit U, Petitioners' Motion to Expedite Adjudication

13   of Habeas/Mandamus Petitions.) On March 18, 2019, the Court granted the Motion "to the

14   extent permit[ted]" by the "court's calendar." (*See* Exhibit V, Order Granting Motion.)

15      31.    To date, the Nevada Supreme Court has not ruled on Mr. Valdez-Jimenez's

16   Mandamus Petition, nor has the Court provided any indication (via an oral argument setting or

17   otherwise) that a ruling is imminent.

18      32.    Mr. Valdez-Jimenez remains jailed awaiting trial. He has been incarcerated for

19   10 months.

20      33.    If Mr. Valdez-Jimenez could pay to secure a $40,000 bond, he would walk out

21   of the jail.

22

23

---

24     [1] On November 9, 2018, Mr. Valdez-Jimenez filed a Motion to Consolidate his
Mandamus Petition with two other petitions raising similar issues: *Nathan Grace v. Eighth*
25   *Jud. Dist. Ct., Nevada Supreme Court Case No. 76947* and *Aaron Frye v. Eighth Jud. Dist.*
*Ct., Nevada Supreme Court Case No. 76845.* (*See* Exhibit S, Petitioner's Motion to
26   Consolidate.) On November 21, 2018, the Nevada Supreme Court granted the Motion. (*See*
Exhibit T, Order Granting Motions).

34.     Given prevailing practices in the bail-bond industry, he could be released if he could afford between 1% and 10% of that amount up front.

35.     Mr. Valdez-Jimenez cannot afford to pay to secure a $40,000 bond.

36.     The Eighth Judicial District Court has not found that Mr. Valdez-Jimenez poses an immitigable risk to the community or an immitigable flight risk.

37.     Instead, the Eighth Judicial District Court ordered Mr. Valdez-Jimenez detained by ordering him to pay a sum of money for release that the Court knew he could not pay.

38.     The District Court failed to consider whether any other alternative conditions or combinations of conditions (such as home detention and electronic monitoring or other forms of pretrial supervision) could reasonably serve the prosecution's interests.

### Claim for Relief

39.     The Equal Protection and Due Process Clauses forbid the state to jail someone simply because he has not paid a sum of money without making a finding that he is able to pay it. In *Bearden v. Georgia*, 461 U.S. 660, 672–73 (1983), the Supreme Court explained that to "deprive [a convicted defendant] if his conditional freedom simply because, through no fault of his own he cannot pay [a] fine . . . would be contrary to the fundamental fairness required by the Fourteenth Amendment." The principles that forbid jailing a convicted defendant because he is unable to make a payment apply with even greater force to an arrestee who is presumed innocent. *ODonnell v. Harris County*, 892 F.3d 147, 161 (5th Cir. 2018) ("[P]retrial imprisonment solely because of indigent status is invidious discrimination and not constitutionally permissible." (internal quotation marks and citations omitted)); *Pugh v. Rainwater*, 572 F.2d 1053, 1056 (5th Cir. 1977) (striking down the use of secured money bail without inquiry into ability to pay because it invidiously discriminates against the poor).

40.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution forbids the state to detain someone pretrial unless it complies with exacting

substantive and procedural requirements. *See, e.g., United States v. Salerno*, 481 U.S. 739 (1987). Substantively, the state may detain someone pretrial only if that detention is necessary to forward a compelling state interest and is no more intrusive on the detainee's liberty than necessary to forward that interest. *Id.* at 749 (describing the "substantive due process" restrictions on pretrial detention). Procedurally, the state must provide sufficient safeguards to allow the detainee to vindicate his substantive rights. These include, at least, a requirement that the court find that the detainee poses a risk of flight or danger to the community by clear and convincing evidence, that the court find that no condition or combination of conditions could adequately mitigate any potential risks, and that the court explain the basis for those findings on the record.

41.     Because no court has made a procedurally compliant finding that Mr. Valdez-Jimenez poses an immitigable risk of flight or danger to the community, and because the court did not find that Mr. Valdez-Jimenez was able to pay the money bail amount required in his case, Respondent has custody over him in violation of the Constitution of the United States.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Prayer for Relief**

WHEREFORE,

Petitioner respectfully requests that this Court enter a conditional writ of habeas corpus ordering his release unless the State seeks a thorough adversarial hearing that complies with the requirements for preventative detention described by the United States Supreme Court, which include making findings by clear and convincing evidence about whether he poses a flight risk and/or a danger to the community and, if so, whether conditions of release exist that could reasonably assure Mr. Valdez-Jimenez's presence at trial and the safety of the community.

/s/ Charles Gerstein
Charles Gerstein
(*pro hac vice* application forthcoming)
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
charlie@civilrightscorps.org
(202) 670-4809

/s/ Nancy M. Lemcke
Nancy M. Lemcke, Deputy Pub Defender
Christy L. Craig, Deputy Pub. Defender
Clark County Public Defender
309 S. Third Street, Second Floor
Las Vegas, Nevada 89144
lemckenl@clarkcountynv.gov
craigcl@clarkcountynv.gov
(702) 455-5039

**<u>Verification</u>**

I, Nancy Lemcke, represent Mr. Valdez-Jimenez, and I hereby verify the foregoing allegations on his behalf pursuant to 28 U.S.C. § 2242.

Nancy Lemcke, Esq.
Nevada Bar No. 5416
Clark County Public Defender's Office
309 South Third Street, Suite 226
Las Vegas, Nevada 89155
lemckenl@ClarkCountyNV.gov
(702) 455-5039