STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565
STEVEN S. OWENS
Chief Deputy District Attorney
Nevada Bar #004352
200 Lewis Avenue
Las Vegas, Nevada 89155-2212
(702) 671-2500
Attorney for Clark County
District Attorney's Office

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE VALDEZ-JIMENEZ,<br><br>　　　　　Petitioner,<br><br>v.<br><br>JOSEPH LOMBARDO, Sheriff of Clark County, and AARON D. FORD, Attorney General for the State of Nevada,<br><br>　　　　　Respondent. | CASE NO:　2:19-cv-00581-RFB-VCF<br><br>Motion to Dismiss Petition as Moot. |

COMES NOW the State of Nevada by STEVEN B. WOLFSON, Clark County District Attorney, by and through his Chief Deputy STEVEN S. OWENS, and submits this Motion to Dismiss Petition as Moot. This motion is based on the following memorandum and all paper and pleadings on file herein.

Respectfully submitted on this 25th day of June, 2019.

STEVEN B. WOLFSON
Clark County District Attorney

*/s/ Steven S. Owens*
STEVEN S. OWENS
Chief Deputy District Attorney

## MEMORANDUM

The instant action is a habeas petition filed under 28 U.S.C. §2241 challenging Petitioner's pretrial detention in a state criminal case due to an alleged Due Process violation in the setting of bail. The matter has been fully briefed and was argued to this Court on April 5, 2019. Thereafter, a trial date was set in state court for August 12, 2019, but Petitioner has now pleaded guilty and waived his right to a trial. Exhibit 1, attached hereto. Respondent now files the instant motion to dismiss this federal habeas petition on grounds that it is rendered moot and waived by virtue of the guilty plea.

## POINTS AND AUTHORITIES

Mootness is a jurisdictional issue that must be addressed at the threshold. *See* Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003). For a case to fall within this Court's limited judicial power, "it is not enough that there may have been a live case or controversy when the case was decided by the court whose judgment we are reviewing." Burke v. Barnes, 479 U.S. 361, 363, 107 S.Ct. 734 (1987). Rather, a live case or controversy must be "extant at all stages of review." Steffel v. Thompson, 415 U.S. 452, 459 n.10, 94 S.Ct. 1209 (1974). Otherwise, the case is moot and must be dismissed. *See* Paulson v. City of San Diego, 475 F.3d 1047, 1048 (9th Cir. 2007). An appeal is moot "when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." United States, v. Strong, 489 F.3d 1055, 1059 (9th Cir. 2007), *citing* Calderon v. Moore, 518 U.S. 149, 150, 116 S.Ct. 2066 (1996).

Courts have held that a claim concerning pretrial bail becomes moot upon a defendant's plea or conviction. *See* Murphy v. Hunt, 455 U.S. at 481-82, 102 S.Ct. 1181, 1183 (holding that claim to pretrial bail was rendered moot by conviction); United States v. Ramirez, 145 F.3d 345, 356 (5th Cir.1998) (holding that challenge to pretrial detention order was rendered moot by defendant's conviction); United States v. Vachon, 869 F.2d 653, 656 (1st Cir.1989) (same); United States v. O'Shaughnessy, 772 F.2d 112, 113 (5th Cir.1985) (per curiam) (observing that after the defendant's conviction, "[n]either pretrial detention nor release on

2

pretrial bail may now be ordered"); United States v. Buckbee, 3 Fed.Appx. 563 (7th Cir.2001) (unpublished opinion) ("Any claim to pretrial release became moot once [the defendant] pleaded guilty."); United States v. Taylor, 814 F.2d 172, 174 (5th Cir.1987) (claim that the defendant's pretrial detention was illegal was rendered moot by guilty plea).

In his habeas petition, Petitioner sought a conditional federal order under 28 U.S.C.§ 2241 for his release from pretrial confinement unless the State seeks a thorough adversarial hearing that complies with federal Constitutional law. Such relief can no longer be granted. Neither pretrial detention nor release on pretrial bail may now be ordered as a result of Petitioner's guilty plea. Petitioner himself acknowledged his claim would become moot if this court did not rule prior to his conviction. Petitioner's Emergency Motion to Expedite, p. 3. The issues are no longer "live" and Petitioner lacks a legally cognizable interest in the outcome.

Because conviction is understood to terminate pretrial detention, and because pretrial detention has no collateral effect on postconviction detention, conviction moots a habeas corpus action that challenges only pretrial custody, notwithstanding that the action was filed while the petitioner was incarcerated before trial and notwithstanding that the incarceration continued after the conviction. *See e.g.*, Barker v. Estelle, 913 F.2d 1433, 1440 (9th Cir. 1990), *cert. denied*, 500 U.S. 935 (1991); Fassler v. United States, 858 F.2d 1016, 1018 n.3 (5th Cir. 1988), *cert. denied*, 490 U.S. 1099 (1989). Petitioner's request in this § 2241 action for release from pretrial detention has been mooted by his guilty plea.

As a result of his unconditional guilty plea in state court, Petitioner is no longer a pretrial detainee entitled to bail, but is being held instead pursuant to his guilty plea, He has waived his right to a trial and the presumption of innocence underlying bail determinations no longer applies. The state criminal case had been stayed at Petitioner's request pending the outcome of his pretrial bail litigation, but now by voluntarily pleading guilty Petitioner has elected to forego a federal remedy. He may not, at this point, "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty

plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). *See* Lambert v. United States, 600 F.2d 476, 477–78 (5th Cir.1979) (finding the contention of denial of due process by excessive bail was waived by the guilty plea).

WHEREFORE, the State respectfully requests that the instant habeas petition be dismissed.

Dated this 25th day of June, 2019.

Respectfully Submitted,

STEVEN B. WOLFSON  
Clark County District Attorney

By:     */s/ Steven S. Owens*  
            STEVEN S. OWENS  
            Chief Deputy District Attorney  
            Nevada Bar #004352  
            Office of the Clark County District Attorney  
            Regional Justice Center  
            200 Lewis Avenue  
            Post Office Box 552212  
            Las Vegas, Nevada 89155-2212  
            (702) 671-2500

4

I:\APPELLATE\WPDOCS\SECRETARY\US D.CT. (FEDERDAL COURT)\VALDEZ-JIMENEZ JOSE, 2-19-CV-00581-RFB-VCF, MTN.2DISM.PET.ASMOOT..DOCX

# CERTIFICATE OF SERVICE

I certify that I am an employee of the Clark County District Attorney's Office and that on this 25th day of June, 2019, I served a copy of the foregoing Motion to Dismiss Petition as Moot, by U.S District Court CM/ECF electronic filing to:

CHARLES GERSTEIN, (pro hac vice)
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, D.C. 20006

NANCY M. LEMCKE, Deputy Public Defender
Office of the Clark County Public Defender
309 S. Third Street, Second Floor
Las Vegas, Nevada 89155

BY  /s/ E.Davis
    Employee, District Attorney's Office

SSO/Andrea Orwoll/ed

# EXHIBIT 1

# EXHIBIT 1

```
 1  GPA
    STEVEN B. WOLFSON
 2  Clark County District Attorney
    Nevada Bar #001565
 3  SHANON CLOWERS
    Chief Deputy District Attorney
 4  Nevada Bar #010008
    200 Lewis Avenue
 5  Las Vegas, NV 89155-2212
    (702) 671-2500
 6  Attorney for Plaintiff
```

FILED IN OPEN COURT
STEVEN D. GRIERSON
CLERK OF THE COURT

JUN 25 2019

BY_____
LAUREN KIDD, DEPUTY

DISTRICT COURT
CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

    Plaintiff,

-vs-

JOSE VALDEZ-JIMENEZ, aka,
Jose Antonio Valdezjimenez, #7521605

    Defendant.

CASE NO: C-18-332277-1
DEPT NO: XXIX

## GUILTY PLEA AGREEMENT

I hereby agree to plead guilty to: BURGLARY (Category B Felony - NRS 205.060 - NOC 50424), as more fully alleged in the charging document attached hereto as Exhibit "1".

My decision to plead guilty is based upon the plea agreement in this case which is as follows: both parties stipulate to a sentence of three (3) to ten (10) years in the Nevada Department of Corrections. The State agrees not to seek habitual criminal treatment. Lastly, the State agrees not to refile in Case No. 18FH1588X or theft related crimes from January 2018 through May 2018.

I agree to the forfeiture of any and all weapons or any interest in any weapons seized and/or impounded in connection with the instant case and/or any other case negotiated in whole or in part in conjunction with this plea agreement.

I understand and agree that, if I fail to interview with the Department of Parole and Probation, fail to appear at any subsequent hearings in this case, or an independent magistrate, by affidavit review, confirms probable cause against me for new criminal charges including

reckless driving or DUI, but excluding minor traffic violations, the State will have the unqualified right to argue for any legal sentence and term of confinement allowable for the crime(s) to which I am pleading guilty, including the use of any prior convictions I may have to increase my sentence as an habitual criminal to five (5) to twenty (20) years, life without the possibility of parole, life with the possibility of parole after ten (10) years, or a definite twenty-five (25) year term with the possibility of parole after ten (10) years.

Otherwise I am entitled to receive the benefits of these negotiations as stated in this plea agreement.

## CONSEQUENCES OF THE PLEA

I understand that by pleading guilty I admit the facts which support all the elements of the offense(s) to which I now plead as set forth in Exhibit "1".

I understand that as a consequence of my plea of guilty The Court must sentence me to imprisonment in the Nevada Department of Corrections for a minimum term of not less than ONE (1) year and a maximum term of not more than TEN (10) years. The minimum term of imprisonment may not exceed forty percent (40%) of the maximum term of imprisonment. I understand that I may also be fined up to $10,000.00. I understand that the law requires me to pay an Administrative Assessment Fee.

I understand that, if appropriate, I will be ordered to make restitution to the victim of the offense(s) to which I am pleading guilty and to the victim of any related offense which is being dismissed or not prosecuted pursuant to this agreement. I will also be ordered to reimburse the State of Nevada for any expenses related to my extradition, if any.

I understand that I am eligible for probation for the offense to which I am pleading guilty. I understand that, except as otherwise provided by statute, the question of whether I receive probation is in the discretion of the sentencing judge.

I understand that I must submit to blood and/or saliva tests under the Direction of the Division of Parole and Probation to determine genetic markers and/or secretor status.

I understand that if I am pleading guilty to charges of Burglary, Invasion of the Home, Possession of a Controlled Substance with Intent to Sell, Sale of a Controlled Substance, or

Gaming Crimes, for which I have prior felony conviction(s), I will not be eligible for probation and may receive a higher sentencing range.

I understand that if more than one sentence of imprisonment is imposed and I am eligible to serve the sentences concurrently, the sentencing judge has the discretion to order the sentences served concurrently or consecutively.

I understand that information regarding charges not filed, dismissed charges, or charges to be dismissed pursuant to this agreement may be considered by the judge at sentencing.

I have not been promised or guaranteed any particular sentence by anyone. I know that my sentence is to be determined by the Court within the limits prescribed by statute.

I understand that if my attorney or the State of Nevada or both recommend any specific punishment to the Court, the Court is not obligated to accept the recommendation.

I understand that if the offense(s) to which I am pleading guilty was committed while I was incarcerated on another charge or while I was on probation or parole that I am not eligible for credit for time served toward the instant offense(s).

I understand that if I am not a United States citizen, any criminal conviction will likely result in serious negative immigration consequences including but not limited to:

1. The removal from the United States through deportation;
2. An inability to reenter the United States;
3. The inability to gain United States citizenship or legal residency;
4. An inability to renew and/or retain any legal residency status; and/or
5. An indeterminate term of confinement, with the United States Federal Government based on my conviction and immigration status.

Regardless of what I have been told by any attorney, no one can promise me that this conviction will not result in negative immigration consequences and/or impact my ability to become a United States citizen and/or a legal resident.

I understand that the Division of Parole and Probation will prepare a report for the sentencing judge prior to sentencing. This report will include matters relevant to the issue of sentencing, including my criminal history. This report may contain hearsay information

3

regarding my background and criminal history. My attorney and I will each have the opportunity to comment on the information contained in the report at the time of sentencing. Unless the District Attorney has specifically agreed otherwise, the District Attorney may also comment on this report.

## WAIVER OF RIGHTS

By entering my plea of guilty, I understand that I am waiving and forever giving up the following rights and privileges:

1. The constitutional privilege against self-incrimination, including the right to refuse to testify at trial, in which event the prosecution would not be allowed to comment to the jury about my refusal to testify.

2. The constitutional right to a speedy and public trial by an impartial jury, free of excessive pretrial publicity prejudicial to the defense, at which trial I would be entitled to the assistance of an attorney, either appointed or retained. At trial the State would bear the burden of proving beyond a reasonable doubt each element of the offense(s) charged.

3. The constitutional right to confront and cross-examine any witnesses who would testify against me.

4. The constitutional right to subpoena witnesses to testify on my behalf.

5. The constitutional right to testify in my own defense.

6. The right to appeal the conviction with the assistance of an attorney, either appointed or retained, unless specifically reserved in writing and agreed upon as provided in NRS 174.035(3). I understand this means I am unconditionally waiving my right to a direct appeal of this conviction, including any challenge based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings as stated in NRS 177.015(4). However, I remain free to challenge my conviction through other post-conviction remedies including a habeas corpus petition pursuant to NRS Chapter 34.

## VOLUNTARINESS OF PLEA

I have discussed the elements of all of the original charge(s) against me with my attorney and I understand the nature of the charge(s) against me.

I understand that the State would have to prove each element of the charge(s) against me at trial.

I have discussed with my attorney any possible defenses, defense strategies and circumstances which might be in my favor.

4

1  All of the foregoing elements, consequences, rights, and waiver of rights have been thoroughly explained to me by my attorney.

2  I believe that pleading guilty and accepting this plea bargain is in my best interest, and that a trial would be contrary to my best interest.

3  I am signing this agreement voluntarily, after consultation with my attorney, and I am not acting under duress or coercion or by virtue of any promises of leniency, except for those set forth in this agreement.

4  I am not now under the influence of any intoxicating liquor, a controlled substance or other drug which would in any manner impair my ability to comprehend or understand this agreement or the proceedings surrounding my entry of this plea.

5  My attorney has answered all my questions regarding this guilty plea agreement and its consequences to my satisfaction and I am satisfied with the services provided by my attorney.

DATED this _____ day of June, 2019.

JOSE VALDEZ-JIMENEZ, aka,
Jose Antonio Valdezjimenez
Defendant

AGREED TO BY:

SHANON CLOWERS
Chief Deputy District Attorney
Nevada Bar #010008

5

CERTIFICATE OF COUNSEL:

I, the undersigned, as the attorney for the Defendant named herein and as an officer of the court hereby certify that:

1. I have fully explained to the Defendant the allegations contained in the charge(s) to which guilty pleas are being entered.

2. I have advised the Defendant of the penalties for each charge and the restitution that the Defendant may be ordered to pay.

3. I have inquired of Defendant facts concerning Defendant's immigration status and explained to Defendant that if Defendant is not a United States citizen any criminal conviction will most likely result in serious negative immigration consequences including but not limited to:

   a. The removal from the United States through deportation;

   b. An inability to reenter the United States;

   c. The inability to gain United States citizenship or legal residency;

   d. An inability to renew and/or retain any legal residency status; and/or

   e. An indeterminate term of confinement, by with United States Federal Government based on the conviction and immigration status.

Moreover, I have explained that regardless of what Defendant may have been told by any attorney, no one can promise Defendant that this conviction will not result in negative immigration consequences and/or impact Defendant's ability to become a United States citizen and/or legal resident.

4. All pleas of guilty offered by the Defendant pursuant to this agreement are consistent with the facts known to me and are made with my advice to the Defendant.

5. To the best of my knowledge and belief, the Defendant:

   a. Is competent and understands the charges and the consequences of pleading guilty as provided in this agreement,

   b. Executed this agreement and will enter all guilty pleas pursuant hereto voluntarily, and

   c. Was not under the influence of intoxicating liquor, a controlled substance or other drug at the time I consulted with the Defendant as certified in paragraphs 1 and 2 above.

Dated: This _____ day of June, 2019.

_____
DEFENSE ATTY. NAME

rmj/L-3

```
 1  AIND
    STEVEN B. WOLFSON
 2  Clark County District Attorney
    Nevada Bar #001565
 3  SHANON CLOWERS
    Chief Deputy District Attorney
 4  Nevada Bar #010008
    200 Lewis Avenue
 5  Las Vegas, Nevada 89155-2212
    (702) 671-2500
 6  Attorney for Plaintiff
```

DISTRICT COURT
CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

    Plaintiff,

-vs-

JOSE VALDEZ-JIMENEZ, aka,
Jose Antonio Valdezjimenez #7521605

    Defendant.

CASE NO:   C-18-332277-1

DEPT NO:   XXIX

**SECOND AMENDED INDICTMENT**

STATE OF NEVADA   ) 
                          ) ss.
COUNTY OF CLARK )

The Defendant above named, JOSE VALDEZ-JIMENEZ, aka, Jose Antonio Valdezjimenez, accused by the Clark County Grand Jury of the crime(s) of BURGLARY (Category B Felony - NRS 205.060 - NOC 50424), committed at and within the County of Clark, State of Nevada, on or between February 23, 2018 and April 12, 2018, as follows: did, willfully, unlawfully, and feloniously enter, with intent to commit larceny, that certain building

//
//
//
//
//
//
//

**EXHIBIT "1"**

1  occupied by VICTORIA'S SECRET, located at 4300 Meadows Lane, Las Vegas, Clark
2  County, Nevada.
3    DATED this 19th day of June, 2019.

STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565

BY _____
SHANON CLOWERS
Chief Deputy District Attorney
Nevada Bar #010008

27  17BGJ120X/18F08807X/rmj/L3
    LVMPD EV# 180305099986
28  (TK10)